# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 00-2659NE, 00-2878NE
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | On Appeal from the |
| | * | United States District Court |
| v. | * | for the District of |
| | * | Nebraska. |
| | * | |
| Valentin Morfin-Martinez, | * | [Not To Be Published] |
| | * | |
| Appellant. | * | |

_____

Submitted:  February 13, 2001
Filed:   February 23, 2001

_____

Before RICHARD S. ARNOLD, LAY, and HANSEN, Circuit Judges.

_____

PER CURIAM.

The defendant, Valentin Morfin-Martinez, was charged in a two-count indictment with conspiring to distribute methamphetamine, and with distributing it. Defendant waived a jury, and the case was tried to the Court.[1]  The Court found the

_____

[1]The Hon. Joseph F. Bataillon, United States District Judge for the District of Nebraska.

defendant guilty on both counts and imposed a sentence of 78 months (6 years and 6 months) in prison, the bottom of the Guidelines range. Defendant appeals, and we affirm.

Mr. Morfin-Martinez makes the following claims: that the District Court erred in admitting evidence of a conversation between an alleged co-conspirator and a cooperating informant; that there was insufficient evidence to support a conviction; that the District Court erred in denying a motion for a new trial; and that the defendant should have received the benefit of the "safety value" provision, see 18 U.S.C. § 3553(f); U.S.S.G. § 2D1.1(b)(6). We have read the briefs and heard the argument. We hold that none of defendant's points has merit. The case does not have sufficient precedential value to justify an extended opinion, but we offer the following brief comments in explanation.

1. The government's case rested on the testimony of an eyewitness, an alleged co-conspirator. During the government's case-in-chief, a taped conversation between this witness and an individual cooperating with the government was received in evidence. The District Court made the requisite findings to justify admission of the tape under the co-conspirator exception to the hearsay rule. These findings are not clearly erroneous, nor has there been any abuse of discretion. We observe, in addition, that statements of the cooperating individual on the tape were offered not for the truth of the matter asserted in the statements, but simply to explain the relationship between the cooperating individual and the government's witness. As to the statements of the witness himself, they did no more than corroborate the witness's own in-court testimony.

2. The government's eyewitness, already mentioned, Juan Gomez-Diaz, inculpated the defendant directly in his trial testimony. Whether to believe Mr. Gomez-Diaz was a decision for the District Court, in the first instance. Decisions by

the trier of fact on matters of credibility are rarely disturbed.   Here, we see no clearly erroneous finding.

3.   Defendant's motion for  a new trial asserted newly discovered evidence in the form of a reduced sentence received by Mr. Gomez-Diaz after his testimony in the instant case.   This reduced sentence, defendant argued, should cause the Court to disbelieve Mr. Gomez-Diaz's testimony against the defendant.  One of the requirements for the granting of a motion for new trial is that the newly discovered evidence would probably produce an acquittal if the case were tried again.  Here, the very person who was the finder of fact at the first trial, the District Judge, also passed on the motion for a new trial.  No one is in a better position to determine what the effect of the new evidence would be.  We find no error here.

4.   As to the "safety value," the District Court found as a fact that the defendant had not cooperated fully with the government.  In the Court's view, the defendant did not fully and completely describe his involvement in the offense.  This, again, is a credibility finding.    The burden of proof is on the defendant to establish the prerequisites of the safety-value reduction.   This he did not do to the satisfaction of the trier of fact.  The District Court's findings on this point are not clearly erroneous.

Accordingly, the judgment is

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-